**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ELIAS MANUEL CUSTODIO,

　　　　Plaintiff-Appellant,

v.

SONNIER, Counselor - Facilitator of the
Theraputic Community program ICC; et al.,

　　　　Defendants-Appellees.

No.　16-35871

D.C. No. 1:13-cv-00332-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted February 23, 2018[**]
San Francisco, California

Before: THOMAS, Chief Judge, and TROTT and SILVERMAN, Circuit Judges.

　　Idaho state prisoner Elias Manuel Custodio appeals pro se from the district

court's summary judgment in his 42 U.S.C. § 1983 action alleging constitutional

claims arising from his participation in a prison rehabilitation program. We have

---

　　[*]　This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

　　[**]　The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo. *Williams v. Paramo,* 775 F.3d 1182, 1191 (9th Cir. 2015) (exhaustion); *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir. 2004) (merits). We affirm.

The district court properly granted summary judgment on Custodio's First Amendment claim against defendant Saade because Custodio did not exhaust administrative remedies, and failed to raise a genuine dispute of material fact as to whether administrative remedies were effectively unavailable to him. *See Woodford v. Ngo,* 548 U.S. 81, 90 (2006) (a prisoner must properly exhaust administrative remedies, "which means using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)" (emphasis, citation, and internal quotation marks omitted)); *see also Ross v. Blake,* 136 S.Ct. 1850, 1858-60 (2016) (setting forth circumstances when administrative remedies are unavailable).

The district court properly granted summary judgment on Custodio's First Amendment free speech claim against defendant Sonnier because Custodio failed to raise a genuine dispute of material fact as to whether Custodio's removal from a rehabilitation program was not reasonably related to legitimate penological interests. *See Turner v. Safley,* 482 U.S. 78, 89-91 (1987) (setting forth four-factor test to

analyze validity of policies or regulations that impinge on an inmate's First Amendment rights).

The district court properly granted summary judgment on Custodio's Eighth Amendment claim against defendant Sonnier because Custodio failed to raise a genuine dispute of material fact as to whether he was denied outdoor exercise for an extended period of time. *See May v. Baldwin,* 109 F.3d 557, 565 (9th Cir. 1997) (a temporary denial of outdoor exercise with no medical effects is not a substantial deprivation under the Eight Amendment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments. *See Padgett v. Wright,* 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents and facts not presented to the district court. *See United States v. Elias,* 921 F.2d 870, 874 (9th Cir. 1990) ("Documents or facts not presented to the district court are not part of the record on appeal.").

Atencio's motion to substitute a party (Docket Entry No. 32) is granted.

**AFFIRMED.**